[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Although this case was originally entitled DatronicRental Corp. v. James H. Moran, et al, the court has allowed the plaintiff to amend its pleadings to conform to the CT Page 1154-V evidence at trial by substituting Datronic Equipment Income Fund XVII, L.P., for Datronic Rental Corporation as plaintiff. The original plaintiff (Datronic Rental Corporation) was the general partner of Datronic Equipment Income Fund XVII, L.P., and the sale and purchase agreement which is the subject of this dispute was signed by Datronic Rental Corporation's president on behalf of Datronic Equipment Income Fund XVII, L.P. (Defendant's Ex. 1).
By lease dated October 27, 1989, Honeyspot Motors (hereinafter "lessee") entered into an agreement in writing to lease certain equipment known as -1- used Chassis Liner Frame Machine from K.L.C., Inc./d.b.a. Keystone Leasing (Exhibit C). Said lease provided for sixty consecutive monthly payments in the amount of $442.00, plus tax for a total payment of $477.36 each month. Defendant James Moran signed the lease as guarantor for the lessee.
On April 19, 1990 said lease was assigned by K.L.C. to plaintiff Datronic Equipment Income Fund XVII, L.P. which accordingly became the holder of the lease. (Plaintiff's Exs. CT Page 1154-W A B).
The lessee made eight monthly payments in accordance with the lease, but made no further payments. Thus, plaintiff has sought payment from defendant Moran. As of September 15, 1994 the balance due on the lease was $27,055.54.
Defendant Moran claims by way of special defense that at the time he signed the lease as guarantor, all of the material portions of the lease agreement were blank and that he was not notified of the acceptance of and terms of the lease. The defendant further claims by way of special defense that the lease was fraudulently completed by K.L.C. Inc. dba Keystone Leasing. The court does not believe defendant has proved these special defenses. Mr. Moran admitted at trial that he guaranteed the loan. Further, he did not testify that the terms of the contract were blank but that he could not remember whether the handwritten reductions were on the contract at the time he signed it. In any event, the completed and executed contract was sent to Honeyspot Motors, the lessee, when Moran was its president. The guarantee CT Page 1154-X itself recites that it is an inducement to form the lease contract. Moran testified that he signed the guarantee with the understanding that his partner and the equipment vendor were working out the details of the agreement. Under defendant's special defense of fraud, the testimony at trial indicated no fraudulent intent. In fact, if changes were made in the contract after it was signed, the changes consisted of a reduction in the rental payments. Thus the terms were more favorable to the defendant.
The defendant also claims by way of special defense that plaintiff, a foreign limited partnership, was transacting business in the State of Connecticut for the purposes of General Statutes § 34-38l and 34-38o and therefore is barred from bringing this action against defendant Moran. § 34-38l(a) provides: "A foreign limited partnership transacting business in this state may not maintain any action, suit or proceeding in any court of this state until it has registered in this state." Admittedly, the plaintiff is a foreign limited partnership which has not registered in this state. The issue, then, is whether it is transacting business in this CT Page 1154-Y state. General Statutes § 34-38o provides in pertinent part:
 "(a) Any foreign limited partnership may purchase, hold, mortgage, lease, sell and convey real and personal property in this state for its lawful uses and purposes . . . without such action constituting transacting business in this state for purposes of this chapter."
 "(b) Without excluding other activities which may not constitute transacting business in this state, a foreign limited partnership shall not be considered to be transacting business in this state, for purposes of this chapter, by reason of carrying on in this state any one or more of the following activities: (1) maintaining or defending any action or suit . . . (7) taking security for or collecting debts due it or enforcing any rights in property securing the same; (8) transacting business in interstate commerce; (9) conducting an isolated transaction completed within a period of thirty CT Page 1154-Z days and not in the course of a number of repeated transactions of a like nature."
The evidence at trial showed the following regarding the plaintiff's business activities:
1. In March of 1993 plaintiff purchased a block of leases in bulk from Keystone Leasing (including the lease under dispute) in a single transaction.
2. There was no testimony that plaintiff conducted any other transactions.
3. The leases purchased are personal property which evidence a debt due the plaintiff with a security interest in the lease equipment.
The court finds that defendant has failed to show that plaintiff was transacting business in Connecticut within the meaning of §§ 34-38l and 34-38o. Plaintiff's activities were limited to those set forth in § 34-38o. CT Page 1154-AA
Accordingly, judgment may enter for the plaintiff against defendant James H. Moran for $27,055.54, plus an attorney's fee in the amount of $5,411.11 (20% of unpaid rentals as provided for in paragraph 17 of lease), plus court costs.
Frances Allen State Judge Referee